IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMOTHY E. BROWN, and all other ) 
Similarly Situated, )
 )
     Plaintiffs, )
 )
vs. )     CIVIL ACTION NO. 05-0607-P-B
 )
THE TERMINIX INTERNATIONAL )
COMPANY, L.P., )
 )
     Defendant. )

ORDER COMPELLING ARBITRATION
AND IMPOSING A STAY

Pending before this court is a Motion to Compel Arbitration and to Stay Proceedings, or in the alternative, Motion to Dismiss and Memorandum in support thereof filed by defendant Terminix International Company, L.P. ("Terminix") (docs.4-5). Plaintiff filed a Response to the Motion (doc.12), and Terminix filed a Reply (doc.13). After careful consideration of all matter presented, the Motion to Compel Arbitration, and to Stay this action pending arbitration is GRANTED.

On October 24, 2005, plaintiff filed this action against Terminix pursuant to 28 U.S.C. § 1331, under the Fair Labor Standard's Act, 29 U.S.C. § 201-219 (the "FLSA"), the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161-69 ("COBRA"), and the Employee Retirement Income Security Act, 29 U.S.C. § 1132 (ERISA") (doc.1, Complaint). Plaintiff alleges that he was employed as a pest control technician by Terminix from January 26, 1998 until September 2004. Plaintiff raises several allegations arising out of his employment: 1) That he worked in excess of forty hours per week during the last year of his employment and that

Terminix willfully and intentionally withheld overtime pay; and 2) that he was wrongfully terminated after, on the advice of his physician, he presented his two-week notice which caused him to suffer the deprivation of, inter alia, health insurance coverage and the opportunity to purchase replacement group health insurance.  Plaintiff seeks a declaration that the actions of Terminix violated the FLSA, COBRA, and ERISA, an order directing Terminix to undergo an accounting for the past three years, and make plaintiff whole, awarding compensation and punitive damages, interest, costs and expenses, and attorney's fees (doc.1).

On November 14, 2005, Terminix filed the subject Motion to Compel Arbitration and to Stay Proceedings, or in the alternative, Motion to Dismiss (doc.4).  Terminix seeks to compel plaintiff to arbitrate his claims pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq. ("the FAA"), and asks that this action be stayed pending arbitration (docs.4-5).

Terminix contends that plaintiff executed an Employment Agreement and Arbitration Agreement with Terminix on December 21, 2000 (doc.5, Ex.A-Affidavit of Arlyn Small, Vice President for Human Resources, dated November 14, 2005, Ex.1-2).  The Employment Agreement contains an arbitration provision requiring that all employment disputes be submitted to binding arbitration.

On December 14, 2005, plaintiff filed a Response to the Motion (doc.12).  Plaintiff disputes any contention that arbitration is the exclusive remedy.  Plaintiff argues that the "arbitration provision" in the Employment Agreement calls for mediation as a first step and then, if mediation is unsuccessful, for arbitration.  Id.

On December 18, 2005, Terminix filed a Reply (doc.13).  Therein, Terminix states that it "has no objection to submitting this case to mediation, and if mediation is not successful, then

2

proceeding with arbitration."  Id., p.2.

This court notes that the Employment Agreement provides, in pertinent part:

**Agreement to Mediate and Arbitrate.**  The Employer and Employee agree that, to the fullest extent permitted by law, any and all disputes between them will be submitted to mediation upon terms mutually agreeable to both parties.  In the event the parties do not resolve such controversies through mediation, then the Employer and Employee agree that, to the fullest extent permitted by law, any and all controversies between them will be submitted for resolution to binding arbitration in accordance with the attached Arbitration Agreement, which is incorporated herein by reference.  The parties understand and agree that in the event mediation is unsuccessful, then arbitration will be the exclusive forum for resolving disputes between them, including statutory claims and all disputes arising out of the employment relationship and the termination of such relationship.  The Employee and Employer expressly waive their entitlement, if any, to have controversies between them decided by a court or jury.  The attached Arbitration Agreement is incorporated herein.

(doc.4, Ex.A-Small Aff'd., Ex.1, ¶5).  The Arbitration Agreement provides, in pertinent part:

**Agreement to Arbitrate All Employment Disputes**.  Private arbitration is the referral of a dispute to an impartial third party, instead of a court or jury, for a final and binding decision.  Any dispute arising out of Employee's employment with Employer, including termination of employment and all statutory claims, will be submitted to binding arbitration administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes, or as mutually agreed.  Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction.  Employer and Employee each expressly waive entitlement, if any, to have any such dispute heard before a court or a jury.

\* \* \*

**Arbitrable Claims.**  The parties understand that, except as otherwise provided by law, this Agreement applies to all claims, including, but by no means limited to, claims for breaches of any contract (express or implied), discrimination, torts, and/or claims based upon any federal, state or local ordinance, statute, regulation, constitutional provision, or any other law.

Id., Ex.2, ¶1, 5.  Both Agreements reflect plaintiff's signature and are dated November 8, 2001.

Id., Ex.1-2.

The FAA grants both state and federal courts concurrent jurisdiction over disputes

involving arbitration agreements.  9 U.S.C. § 3.  However, it alone is insufficient to confer

federal jurisdiction; an independent basis of jurisdiction must exist before a federal court can

exercise jurisdiction.  9 U.S.C. § 4; <u>Moses H. Cone Hospital v. Mercury Construction</u>, 460 U.S.

1, 25, n.32 (1983); <u>Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Haydu</u>, 637 F.2d 391, 395 (5th

Cir. 1981).[1]  Herein, federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, is not in

dispute.

The FAA provides that

> **[a] written provision** in ...a contract ***evidencing a transaction involving commerce to
> settle by arbitration a controversy*** thereafter rising out of such contract or transaction, or
> the refusal to perform the whole or any part thereof, or an agreement in writing to submit
> to arbitration an existing controversy arising out of such a contract, transaction, or
> refusal, ***shall be valid, irrevocable, and enforceable***, save upon such grounds as exist at
> law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added); <u>Citizens Bank v. Alafabco, Inc.</u>, 539 U.S. 52, 55-56 (2003).  In

enacting § 2 of the FAA, Congress declared a national policy favoring arbitration, and mandated

the enforcement of valid arbitration agreements.  <u>Southland Corp. v. Keating</u>, 465 U.S. 1, 10

(1984); <u>Wheat, First Securities, Inc. v. Green</u>, 993 F.2d 814, 817 (11th Cir. 1993).

However, "no party can be compelled to arbitrate unless that party has entered into an

agreement to do so."  <u>See</u> <u>Employers Ins. of Wausau v. Bright Metal Specialties, Inc.</u>, 251 F.3d

1316, 1322 (11th Cir. 2001); <u>see also</u> <u>Roberson v Money Tree of Alabama, Inc.</u>, 954 F.Supp.

1519, 1528 (M.D.Ala. (Jan. 31, 1997)) ("a party who has not agreed to do so may not be required

to submit to arbitration").  Plaintiff bears the burden to establish, by substantial evidence, any

defense to the enforcement of a contract.  <u>See</u> <u>Bess v. Check Express</u>, 294 F.3d 1298, 1306-07

(11th Cir. 2002).

The evidence proffered reflects that plaintiff and Terminix executed the Employment and

---

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<u>en</u> <u>banc</u>), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Arbitration Agreements.  Neither party disputes the validity of the Agreements.

Instead, in opposition to arbitration, plaintiff raises two arguments: 1) Terminix has not established that the "commerce" requirement under 9 U.S.C. § 2, has been met; and 2) the Employment Agreement sets out that the parties are to first mediate their dispute, and then, if the dispute remains unresolved, to proceed to binding arbitration (doc.12).

With regard to the "commerce" requirement, the FAA "makes enforceable a written arbitration provision in a contract evidencing a transaction involving commerce."  § 1; Roberson, 954 F.Supp. at 1523.  The FAA defines "commerce" as "commerce among the several states." Roberson, at 1523.

Terminix directs the court to Alafabco (doc.8), wherein the United States Supreme Court visited the "involving commerce" definition.  539 U.S. 52.  Specifically, the Court considered the issue of whether debt-restructuring agreements containing arbitration provisions could be considered "evidencing a transaction involving commerce" within the meaning of the FAA.  Id., 539 U.S. at 53.[2]  The Supreme Court held that the Supreme Court of Alabama's decision "adheres to an improperly cramped view of Congress' Commerce Clause power."  Id., at 58.  In so doing, the High Court instructed:

> We have interpreted the term "involving commerce" in the FAA as the functional equivalent of the more familiar term "affecting commerce" - - words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power... Because the statute provides for "the enforcement of arbitration agreements within the full reach of the Commerce Clause," it is perfectly clear that the FAA encompasses a wider range of transactions than those actually "in commerce" - - that is, "within the flow

---

[2]  In Alafabco, a dispute arose out of a series of commercial loans to provide operating capital in a decade-long course of business between the parties.  The executed debt-restructuring agreements contained arbitration provisions.  The parties' relationship soured and Alafabco filed suit in the Circuit Court of Lawrence County, Alabama.  The Bank moved to compel arbitration.  The Circuit Court ordered arbitration.  The Supreme Court of Alabama reversed, holding that there was no showing that any portion of the restructuring agreements or the restructured debt "was actually attributable to interstate transactions; that the funds comprising that debt originated out-of-state; or that the restructured debt was inseparable from any out of state projects..."  Id., at 2038-39.

of interstate commerce."...

> The Supreme Court of Alabama was therefore misguided in its search for evidence that a "portion of the restructured debt was actually attributable to interstate transactions" or that the loans "originated out-of-state" or that "the restructured debt was inseparable from any out-of-state projects"...  Such evidence might be required if the FAA were restricted to transactions actually "'in commerce,'" ..., but, as we have explained, that is not the limit of the FAA's reach.

> Nor is application of the FAA defeated because the individual debt-restructuring transactions, taken alone, did not have a "substantial effect on interstate commerce."... Congress' Commerce Clause power "may be exercised in individual cases without showing any specific effect upon interstate commerce" if in the aggregate the economic activity in question would represent "a general practice... subject to federal control."... Only that general practice need bear on interstate commerce in a substantial way...

Alafabco, at 56-57 (citations omitted).

> Herein, Terminix proffered undisputed evidence that it

> is a national termite and pest control company engaged in interstate commerce with Branch Offices throughout the United States, including a Branch Office in Gulf Shores, Alabama...  The corporate office of Terminix is located in Memphis, Tennessee... Terminix Service Technicians use chemicals and/or other products to perform their job duties many of which come from outside of the State of Alabama...  Payroll checks for Terminix employees, including those received by [plaintiff] are processed and issued from the Terminix corporate office in Memphis, Tennessee...  Employee benefits for Terminix employees, including any that [plaintiff] may have been eligible to receive, are also handled by the corporate office in Memphis, Tennessee...

(doc.4, Ex.A-Small Aff'd, ¶3-7).

This court finds that the activities of Terminix "involve[] commerce" sufficient to meet the expansive requirement most recently enunciated by the United States Supreme Court in Alafabco, 539 U.S. at 56-57; accord The Terminix International Company Limited Partnership v. Jackson, 669 So.2d 893, 894 (Ala. 1995).

Regarding plaintiff's contention concerning mediation, plaintiff argues that under the Employment Agreement, the parties are to first mediate their dispute, and then, if the dispute remains unresolved, to proceed to binding arbitration (doc.12).

This court finds that the Employment Agreement expressly requires the parties to engage in mediation prior to seeking resolution through arbitration.  The provision is unambiguous. Terminix has proffered no evidence to establish that mediation has taken place and that it was unsuccessful.  In fact, Terminix states that it has no objection to submitting plaintiff's claims to mediation, and then, if not resolved, to arbitration (doc.13).  As such, this court finds that the parties should, in accordance with their Employment Agreement, proceed to mediation and should their good faith efforts to resolve plaintiff's claims through mediation be unsuccessful, then to arbitration in accordance with their Arbitration Agreement.

Accordingly, it is ORDERED that the Motion to Compel Arbitration and Stay Proceedings (doc.4), be and is hereby GRANTED, insofar as the parties are first to proceed, in accordance with their Employment Agreement, with mediation, and if good faith mediation is unsuccessful, then to arbitration in accordance with the Arbitration Agreement.

It is further ORDERED that this court action be and is hereby STAYED pending the conclusion of mediation, and if necessary, arbitration.  For the reasons stated herein, the alternative Motion to Dismiss filed by Terminix is hereby MOOT.

The Clerk is directed to statistically close this court action, to be reopened upon notice by either party that arbitration has been completed.

DONE this 24th day of January, 2006.

  S/Virgil Pittman
  SENIOR UNITED STATES DISTRICT JUDGE